UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD STOCKMYER,

    Plaintiff,

v.

VANCE ADAMIRE, et al.,

    Defendants.

CASE NO. 3:16-cv-05681-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: January 12, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Donald Stockmyer, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in August of 2016.

Plaintiff filed his Complaint alleging that Defendants violated his First, Fifth, and Eighth Amendment rights when they denied him extended family visitation ("EFV"), fabricated statements that disqualified him from participating in a prison dog program, terminated him from a laundry porter job, ignored his kites, and failed to properly process his grievances. However, Plaintiff has not provided facts demonstrating any of these alleged actions rise to the level of a constitutional violation. Therefore, the Court recommends Plaintiff's action be dismissed.

## BACKGROUND

Plaintiff is a Washington State inmate currently housed in the Washington State Penitentiary, though the allegations contained in his Amended Complaint all occurred when he was housed at the Clallam Bay Corrections Center ("CBCC"). Dkt. 24. He alleges Defendant Adamire retaliated against him when he terminated him from a laundry porter job, made false statements about Plaintiff threatening staff that disqualified him from the prison's dog program, unlawfully placed him in the intensive management unit ("IMU"), threatened him physically, and unlawfully denied his request for EFV. *Id*. at 3. He alleges Defendant Klepps also made false statements and gave him improper information about his EFV. *Id*. He next claims Defendant Smith colluded with Defendant Klepps when she refused Plaintiff information about EFV, and that Defendants Holthe, Caldwell, and Aiyeku similarly colluded when they refused to process Plaintiff's grievance about this lack of information. *Id*. at 3-4. He finally alleges Defendant Aiyeku failed to process one of his grievances, Defendants Holthe and Caldwell changed the subject matter of a grievance, and non-party Dennis Dahne changed another grievance. *Id*. at 4. The only remedy he requests is that the Court "hold DOC staff accountable for their misconduct." *Id*. at 6.

Plaintiff originally filed his Complaint in August of 2016. Dkt. 1. Defendants filed a Motion for More Definite Statement, requesting the Court order Plaintiff to more particularly explain his § 1983 allegations. Dkt. 15. Plaintiff filed a Motion to Amend Complaint (Dkt. 18), which the Court granted, denying Defendants' Motion for More Definite Statement as moot (Dkt. 22). Plaintiff filed his Amended Complaint in December of 2016 (Dkt. 24), and Defendants filed their Answer that same month (Dkt. 25).

Defendants subsequently filed a Motion for Summary Judgment (Dkt. 43) along with a *Rand* notice (Dkt. 47) and Plaintiff filed a Response (Dkt. 51). The Court then ordered Defendants Aiyeku and Caldwell be served the Amended Complaint (Dkt. 52) and ordered Defendants to file supplemental briefing relating to those two Defendants (Dkt. 54). Defendants complied, filing a Supplemental Motion for Summary Judgment ("Motion") in October of 2017. Dkt. 61. Plaintiff filed a Response (Dkt. 68) and Defendants filed a Reply (Dkt. 69). The Court then granted Plaintiff's Motion for Extension of Time, providing both parties leave to file second supplement responses and replies. Dkt. 70. Plaintiff filed his Supplemental Response (Dkt. 71), and Defendants filed their Reply to that Response (Dkt. 72).

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). Since Plaintiff has the burden of proof at trial, if Defendants demonstrates that they are entitled to judgment as a matter of law, Plaintiff is still required to present admissible evidence to prove that there exists a material issue of fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). If Plaintiff fails to demonstrate that a dispute of material fact exists, the Court takes the undisputed facts as true for purposes of summary judgment. *John v. City of El Monte*, 505 F.3d 901, 912 (9th Cir. 2007).

**DISCUSSION**

I. **First Amendment Claims**

Read broadly, Plaintiff alleges his First Amendment protections were violated when various Defendants retaliated against Plaintiff. "A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological

objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). To establish a claim for retaliation, Plaintiff must first demonstrate the conduct Defendants retaliated against is protected conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (2009). The Ninth Circuit has noted that prisoners do not have a property or liberty interest in prison employment, meaning employment in prison is not protected conduct. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). The Ninth Circuit has also found no free-standing liberty interest in rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (1987). Finally, though Plaintiff may have a protected interest in visitation insofar as it implicates his freedom of association, that freedom may be limited while incarcerated so long as the limitation bears a rational relation to a legitimate penological interest. *See Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003).

Plaintiff claims he was retaliated against when Defendants terminated him from his job and declined to allow him access to the prison dog program. Dkt. 24 at 3; Dkt. 44-1 at 4-5. However, as noted above, neither participation in prison programming nor prison employment are protected conduct, and thus not subject to a First Amendment retaliation claim. However, Plaintiff also alleges his First Amendment rights were violated when Defendants denied his EFV program. Though Plaintiff does have a protected interest in freedom of association, that freedom may be limited subject to legitimate penological interests. Here, Plaintiff was not allowed EFV because he had not reached the requisite number of non-EFV visits. Dkt. 46-1 at 4. There is no evidence to suggest that Plaintiff's visitation was completely terminated, only that CBCC required Plaintiff to adhere to prison policy before receiving EFV. Prisoners do not have a right to contact visits, and prison regulations limiting contact visits without terminating them do not violate a protected interest. *See Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010); *Gerber v.*

*Hickman*, 291 F.3d 617, 621-22 (9th Cir. 2002). Because of this, Plaintiff has not demonstrated Defendants violated his First Amendment Protections. Therefore, the Court recommends Defendants' Motion be granted as to this claim.

**II.     Fifth Amendment Claims**

Plaintiff also claims, without elaboration, that Defendants violated his Fifth Amendment right. As Defendants correctly note, read liberally, this claim is a claim under the Fifth Amendment's due process clause. However, "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Defendants here are all employees of CBCC and therefore state, rather than federal, actors. Because of this, the Fifth Amendment's due process clause does not apply to them. Therefore, this claim should also be dismissed.

**III.    Eighth Amendment Claims**

Plaintiff further claims, again without elaboration, that Defendants violated his Eighth Amendment protections. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[T]he Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Id*. Further, officials must "'take reasonable measure to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

Plaintiff makes only conclusory Eighth Amendment allegations in his complaint and, in his interrogatories when asked to identify each Eighth Amendment violation, responded by stating "Cruel and unusual punishment inflicted." Dkt. 44-1 at 8-9. Plaintiff has only offered bald assertions without any evidence. Indeed, the only piece of evidence he has provided is his Amended Complaint containing those assertions, which he signed under penalty of perjury. Dkt.

24. Bald assertions without support are not enough to establish a claim under § 1983. *See Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Because Plaintiff has not disputed Defendants' factual allegations, the undisputed facts indicate he has not been subjected to conditions in violation of the Eighth Amendment. Therefore, the Court recommends granting Defendants' Motion as to this claim.

IV.     **Grievance and Kite Claims**

Plaintiff finally alleges his constitutional protections were violated when Defendants allegedly failed to process his grievances and kites. Plaintiff has a First Amendment right to petition the government through prison grievance procedures and to be free from retaliation for doing so. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). However, Plaintiff does not have a stand-alone due process right to the adequate administration of the grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Because there is no right to any particular grievance process, Plaintiff cannot state a claim for failing to process or ignoring his grievances.

Here, Plaintiff alleges Defendants have either failed to process, ignored, or tampered with his grievances and kites. Dkt. 24. However, Defendants have shown they did not block access to the grievance process. Though it appears they denied many of his grievances, they still allowed Plaintiff to petition the government. Dkt. 45-1 at 43-54. It is disputed whether Defendants actually ignored any grievances and whether they did so maliciously. However, though disputed, this is not a material fact. Even if Defendants did maliciously misdirect Plaintiff's grievances, he does not have a due process right to the administration of the grievance process. Because of this,

Plaintiff has not stated a claim for which relief can be granted. Therefore, the Court recommends granting Defendants' Motions.

## V. Qualified Immunity and Exhaustion

Because the Court has already determined that defendants are entitled to judgment as a matter of law as to all Plaintiff's underlying claims, the Court declines to determine whether Defendants enjoy qualified immunity or whether Plaintiff has properly exhausted his claims.

## CONCLUSION

Based on the foregoing, the Court concludes, reading the undisputed facts in the light most favorable to Plaintiff, Plaintiff has not stated a claim for which relief can be granted. Accordingly, the Court recommends Defendants' Motions (Dkts. 43, 61) be granted and Plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 12, 2018, as noted in the caption.

Dated this 21st day of December, 2017.

David W. Christel
United States Magistrate Judge